**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT RUSSELL, | ) | CASE NO. 1:26-cv-00199 |
| | ) | |
| *Plaintiff*, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| vs. | ) | |
| | ) | |
| THE TIMKEN COMPANY, *et al.*, | ) | **DEFENDANTS' ANSWER AND** |
| | ) | **AFFIRMATIVE DEFENSES TO** |
| *Defendants*. | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |

Defendants The Timken Company ("Timken"), Amy Hines ("Hines), and Brian Schafer ("Schafer") (collectively, "Defendants"), by and through counsel, and for their Answer to the Complaint of Plaintiff Scott Russell ("Plaintiff"), hereby state as follows:

**PARTIES, JURISDICTION & VENUE**

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint for lack of knowledge or information sufficient to form a belief about Plaintiff's current residence.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      The allegations contained in Paragraph 3 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

1

7.      The allegations contained in Paragraph 7 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not contest that personal jurisdiction is proper. Defendants deny any remaining allegations contained in Paragraph 8 of the Complaint.

9.      The allegations contained in Paragraph 9 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not contest that general jurisdiction is proper. Defendants deny any remaining allegations contained in Paragraph 9 of the Complaint.

10.     The allegations contained in Paragraph 10 of the Complaint call for a legal conclusion ("material events") to which no response is required. To the extent a response is deemed required, Defendants do not contest that this Court is a proper venue for this action. Defendants deny any remaining allegations contained in Paragraph 10 of the Complaint.

11.     The allegations contained in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants do not contest that this Court is a proper venue for this action. Defendants deny any remaining allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit the allegations contained in Paragraph 12 of the Complaint.

**ALLEGED FACTS**

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.      The allegations contained in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff was 53-years old at the time of his separation from Timken.

15.     In response to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that Timken hired Plaintiff on or about November 11, 2021. Defendants deny any remaining allegations contained in Paragraph 15 of the Complaint.

16.     In response to the allegations contained in Paragraph 16 of the Complaint, Defendants admit that Plaintiff was initially hired as a BUC Cone Manufacturing Associate and held the position of Plant Support Associate at the time of his termination. Defendants deny the remaining allegations of Paragraph 16.

17.     Defendants deny the allegations contained in Paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to whether Plaintiff suffers from any impairment impacting "major life activities," including breathing or working.

18.     Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.      In response to the allegations contained in Paragraph 21 of the Complaint, Defendants admit only that Plaintiff took a brief leave of absence from September 19, 2024 through September 30, 2024 related to a short hospital stay. Defendants deny that Plaintiff had a "disability" within the meaning of Ohio R.C. § 4112.01 *et seq*. Defendants deny all remaining allegations contained in Paragraph 21 of the Complaint.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, Defendants admit only that Plaintiff requested and received a brief leave of absence from September 19, 2024 through September 30, 2024. Defendants deny that Plaintiff had a "disability" within the meaning of Ohio R.C. § 4112.01 *et seq*. Defendants deny the remaining allegations contained in Paragraph 22 of the Complaint.

23.     The allegations contained in Paragraph 23 of the Complaint call for a legal conclusion ("accommodation request") to which no response is required. To the extent a response is deemed required, Defendants admit only that Plaintiff requested and received a brief leave of absence from September 19, 2024 through September 30, 2024. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.     The allegations contained in Paragraph 24 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     The allegations contained in Paragraph 25 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     The allegations contained in Paragraph 26 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     The allegations contained in Paragraph 27 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. In response to the allegations contained in Paragraph 29 of the Complaint, Defendants admit that Plaintiff requested and received a brief leave of absence from September 19, 2024 through September 30, 2024. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint for lack of knowledge or information sufficient to form a belief as to what Plaintiff discussed with his medical providers. Any such conversations concern Plaintiff's confidential medical treatment and occur solely between Plaintiff and his healthcare team.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. The allegations contained in Paragraph 34 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit Timken is an "employer," as defined in 29 U.S.C. § 2611(4). Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. The allegations contained in Paragraph 35 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit Plaintiff was an "eligible employee," as defined in 29 U.S.C. § 2611(2)(A). Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit the allegations contained in Paragraph 36 of the Complaint.

37. In response to the allegations contained in Paragraph 37 of the Complaint, Defendants admit that Plaintiff returned to work in October 2024. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. In response to the allegations contained in Paragraph 39 of the Complaint, Defendants state that Plaintiff was released to return to work on September 30, 2024, with no restrictions; therefore, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. The allegations contained in Paragraph 40 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. The allegations contained in Paragraph 41 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. The allegations contained in Paragraph 42 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. The allegations contained in Paragraph 43 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. In response to the allegations contained in Paragraph 54 of the Complaint, Defendants admit that Timken prohibits disability discrimination in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 54 of the Complaint.

55. In response to the allegations contained in Paragraph 55 of the Complaint, Defendants admit that Timken prohibits harassment based on any protected characteristic, including disability, in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 55 of the Complaint.

56. In response to the allegations contained in Paragraph 56 of the Complaint, Defendants admit that Timken prohibits disability discrimination in accordance with its policies and procedures, which speak for themselves. Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

57. In response to the allegations contained in Paragraph 57 of the Complaint, Defendants admit that Timken prohibits harassment based on any protected characteristic, including disability, in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. In response to the allegations contained in Paragraph 62 of the Complaint, Defendants admit that Timken prohibits disability discrimination and harassment in accordance with its policies and procedures, which speak for themselves; therefore, Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. The allegations contained in Paragraph 63 of the Complaint call for a legal conclusion ("adverse action") to which no response is required; therefore, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 of the Complaint call for a legal conclusion ("adverse action") to which no response is required; therefore, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. In response to the allegations contained in Paragraph 65 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 65 of the Complaint.

66. In response to the allegations contained in Paragraph 66 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 66 of the Complaint.

67. In response to the allegations contained in Paragraph 67 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 67 of the Complaint.

8

68. In response to the allegations contained in Paragraph 68 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 68 of the Complaint.

69. In response to the allegations contained in Paragraph 69 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 69 of the Complaint.

70. In response to the allegations contained in Paragraph 70 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 70 of the Complaint.

71. In response to the allegations contained in Paragraph 71 of the Complaint, Defendants admit that it investigates workplace issues in accordance with its policies and procedures, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 71 of the Complaint.

72. In response to the allegations contained in Paragraph 72 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. In response to the allegations contained in Paragraph 73 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. In response to the allegations contained in Paragraph 74 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. In response to the allegations contained in Paragraph 75 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. In response to the allegations contained in Paragraph 76 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 76.

77. In response to the allegations contained in Paragraph 77 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. In response to the allegations contained in Paragraph 78 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. In response to the allegations contained in Paragraph 79 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. In response to the allegations contained in Paragraph 80 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     The allegations contained in Paragraph 82 of the Complaint call for legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     In response to the allegations contained in Paragraph 83 of the Complaint, Defendants admit that Timken maintains reporting policies and procedures for complaints of discrimination, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 83 of the Complaint.

84.     In response to the allegations contained in Paragraph 84 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     In response to the allegations contained in Paragraph 85 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     In response to the allegations contained in Paragraph 86 of the Complaint, Defendants admit that Timken maintains reporting policies and procedures for complaints of discrimination, which speak for themselves. Defendants deny any remaining allegations contained in Paragraph 86 of the Complaint.

87.     In response to the allegations contained in Paragraph 87 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.     In response to the allegations contained in Paragraph 88 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.    Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.    Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.    Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.    In response to the allegations contained in Paragraph 93 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.    In response to the allegations contained in Paragraph 94 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.    In response to the allegations contained in Paragraph 95 of the Complaint, Defendants deny that Plaintiff complained of discrimination; therefore, Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.    In response to the allegations contained in Paragraph 96 of the Complaint, Defendants state that Hines removed Plaintiff from operating the tow motor on October 25, 2024 after he created a tow-motor safety incident, his third such incident. Defendants deny any remaining allegations contained in Paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants admit the allegations contained in Paragraph 100 of the Complaint.

101.    In response to the allegations contained in Paragraph 101 of the Complaint, Defendants admit that Timken certifies tow-motor operators (including individuals younger and

12

older than Plaintiff) in accordance with applicable policies, procedures, and safety requirements. Defendants deny all remaining allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants admit the allegations contained in Paragraph 105 of the Complaint.

106. In response to the allegations contained in Paragraph 106 of the Complaint, Defendants admit that Timken terminated Plaintiff's employment on November 15, 2024 due to longstanding and well-documented performance deficiencies. Further responding, Plaintiff had accumulated eight documented performance issues within a 12-month period. Defendants deny any remaining allegations contained in Paragraph 106 of the Complaint.

107. In response to the allegations contained in Paragraph 107 of the Complaint, Defendants admit that Timken maintains policies and procedures regarding discipline, which speak for themselves. Therefore, Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. In response to the allegations contained in Paragraph 108 of the Complaint, Defendants admit that Timken maintains policies and procedures regarding discipline, which speak for themselves. Therefore, Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants admit the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

13

113. Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117. Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. In response to the allegations contained in Paragraph 120 of the Complaint, Defendants admit that Timken hired a 33-year-old individual to replace Plaintiff following his termination. Defendants deny the remaining allegations contained in Paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of the Complaint.

### COUNT I: ALLEGED DISABILITY DISCRIMINATION  (Ohio R.C. § 4112.02 (A), *et seq.*)
### (Against Timken Only)

122. Defendants restate Paragraphs 1 through 121 above as if fully rewritten herein.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint for lack of knowledge or information sufficient to form a belief as to Plaintiff's alleged physical impairments.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.	Defendants deny the allegations contained in Paragraph 127 of the Complaint for lack of knowledge or information sufficient to form a belief as to Plaintiff's alleged "condition."

128.	Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.	Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.	Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.	Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.	Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.	Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.	Defendants deny the allegations contained in Paragraph 134 of the Complaint.

135.	Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.	Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.	Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.	Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.	Defendants deny the allegations contained in Paragraph 139 of the Complaint.

## COUNT II: ALLEGED FAILURE TO ACCOMMODATE (Ohio R.C. § 4112.02 (A), _et seq_.)
### (Against Timken Only)

140.	Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.	Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.	Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.	Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144.	Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.	Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.	Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

### COUNT III: ALLEGED GENDER DISCRIMINATION (R.C. § 4112.02)

### (Against Timken Only)

149. Defendants restate Paragraphs 1 through 148 above as if fully rewritten herein.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156. The allegations contained in Paragraph 156 of the Complaint call for a legal conclusion to which no response is required; therefore, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Defendants deny the allegations contained in Paragraph 158 of the Complaint.

### COUNT IV: ALLEGED RETALIATION IN VIOLATION OF THE FMLA
### (Against Timken Only)

159. Defendants restate Paragraphs 1 through 158 above as if fully rewritten herein.

160. Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161. Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162. Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint.

## COUNT V: ALLEGED UNLAWFUL AIDING, ABETTING, AND INCITING
**(Against Hines and Schafer)**

165.     Defendants restate Paragraphs 1 through 164 above as if fully rewritten herein.

166.     The allegations contained in Paragraph 166 of the Complaint call for a legal conclusion to which no response is required; therefore, to the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.     Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.     Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.     Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.     Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.     Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.     Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.     Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.     Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.     Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.     Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.     Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.     Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.     Defendants deny that Plaintiff is entitled to any of the relief sought in the unnumbered WHEREFORE paragraph, including subparts (a) through (f).

180.     Defendants deny any and all allegations which have not been previously admitted or denied herein.

17

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff is not entitled to all or part of the relief sought.

3.      Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's employment was terminable at-will.

4.      Plaintiff's claims are barred to the extent any such claim was filed beyond the applicable statute of limitations.

5.      Plaintiff has not suffered any legally cognizable damage.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, accord and satisfaction, unclean hands, laches and/or waiver.

7.      Plaintiff's claims are barred because Plaintiff failed to engage in any protected activity.

8.      Plaintiff's claims are barred because any and all actions taken by Defendants were based on legitimate, lawful business factors having nothing to do with Plaintiff's membership in any alleged protected class or Plaintiff's alleged participation in any protected activity.

9.      Defendants would have made the same decisions regarding Plaintiff's employment regardless of any alleged protected status or activity.

10.      Plaintiff's claims are barred because Defendants never engaged in any discriminatory treatment of Plaintiff based on his alleged membership in any protected class.

11.      Any action taken against Plaintiff was job-related and consistent with business necessity.

12.      Plaintiff's claims fail, in whole or in part, because Defendants treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

18

13.     Plaintiff never requested or sought a reasonable accommodation.

14.     Plaintiff failed to engage in good faith conciliation efforts and communications.

15.     Individual Defendants Amy Hines and Brian Schafer cannot be personally liable under applicable federal and/or state law.

16.     Plaintiff's claims fail because Plaintiff was not denied any rights or benefits conferred by the FMLA to which Plaintiff was entitled.

17.     Any claim for compensatory and/or punitive damages must be stricken as compensatory and punitive damages are not available under the FMLA.

18.     Plaintiff's retaliation claim under the FMLA is barred, in whole or in part, because Defendants did not subject Plaintiff to any conduct that was reasonably likely to deter a person from engaging in protected activity under the FMLA.

19.     Plaintiff's claims against Defendants are barred to the extent Plaintiff failed to provide sufficient notice to Defendants about Plaintiff's alleged need for medical leave as required by the FMLA.

20.     Plaintiff did not suffer from a serious health condition within the meaning of the FMLA.

21.     Plaintiff's claims are barred because Defendants were not the proximate cause of any alleged injuries suffered by Plaintiff.

22.     Plaintiff's claims are barred, in whole or in part, because Defendants have acted, at all applicable times, reasonably and in good faith.

23.     To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendants responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

19

24. Plaintiff's claims are barred, in whole or in part, due to his failure to mitigate his claimed damages, if any, and/or Plaintiff's failure to exercise reasonable diligence to mitigate such damages.

25. Plaintiff is not entitled to compensatory, liquidated or punitive damages, or attorney's fees because Defendants did not engage in any unlawful, willful, reckless or malicious conduct towards Plaintiff or with intent to injure Plaintiff or with knowledge or belief that injury was substantially certain to occur.

26. Plaintiff's claims for damages are subject to the limitations and caps set forth in federal law.

27. Plaintiff's claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

28. Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

29. Plaintiff's claims are barred, in whole or in part, and any recovery of damages is precluded, because there was no causal connection between any adverse employment action and Plaintiff's alleged membership in any protected class or alleged protected activities.

30. Plaintiff's claims for damages must be reduced or dismissed to the extent that after-acquired evidence demonstrates that Plaintiff engaged in conduct which would have otherwise resulted in his termination.

31.     Defendants are entitled to recover their costs of court and attorneys' fees for the defense of Plaintiff's action because this action is frivolous and without foundation in law or in fact.

32.     Defendants reserve the right to assert additional defenses as they become known through the course of discovery or otherwise.

**WHEREFORE**, having fully answered the allegations contained in the Complaint of Plaintiff Scott Russell, Defendants The Timken Company, Amy Hines, and Brian Schafer respectfully request that the Complaint be dismissed in its entirety with prejudice, that they be awarded their costs and attorneys' fees incurred in defending against this action, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Patrick O. Peters*
Patrick O. Peters (0079539)
Julia L. Denmeade (0101159)
Park Center Plaza I, Suite 400
6100 Oak Tree Boulevard
Cleveland, OH 44131
(216) 750-0404 (phone)
(216) 750-0826 (fax)
Patrick.Peters@JacksonLewis.com
Julia.Denmeade@JacksonLewis.com

*Attorneys for Defendants,*
*The Timken Company, Amy Hines,*
*and Brian Schafer*

4914-9916-0459, v. 3

21